UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No: 6:24-bk-03392-TPG
                                                          Chapter 13
ALEJANDRO VALENCIA,

        Debtor.
_____/

**NOTICE OF MOTION**


**PLEASE TAKE NOTICE,** Adam Bouters ("Bouters"), hereby files this motion for the entry of an Order:

i.      Compelling Alejandro Valenica ("Debtor") to produce documents pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP");

ii.     Compelling Maria Angel ("Angel") and Johanna Casas ("Casas") to produce documents and attend a 2004 examination pursuant to FRBP 2004(c) and FRCP Rule 45(d)(2)(B)(i).

iii.    Issuing Civil contempt against the Debtor and his counsel, Angel, and Casas, pursuant to FRCP 37(b)(2)(A), made applicable by FRBP 7037, 9014 and the Court's equitable power under 11 U.S.C § 105(a);

iv.     Awarding reasonable expenses under FRCP 37(a)(5)(A) made applicable by Bankruptcy Rules 7037 and 9014;

v.      Granting such other and further relief as is just and proper.

        **PLEASE TAKE FURTHER NOTICE** that Movant has complied with the requirements of Local Bankruptcy Rule 7026-1(d) by making a good faith effort to resolve this discovery dispute without Court intervention, but such efforts were met without success, thereby necessitating the filing of this Motion and related Joint Stipulation on Disputed Issues.


        This Motion is based upon this Notice of Motion and Motion, which is concurrently filed.

**WHEREFORE**, Movant respectfully request that the Court enter an Order granting (i)the relief requested in this Motion in its entirety; and (ii) such other and further relief as the Court may deem just and proper.

Dated: November 19th, 2024

By:_____*/s/ Adam Bouters*_____

Adam Bouters

809 Tuscanny St, Brandon, FL, 33511

(407) 409-1898 (telephone)

a.bouters@gmail.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                                          Case No: 6:24-bk-03392-TPG
                                                                                Chapter 13

ALEJANDRO VALENCIA,

        Debtor.
_____/

**MOTION TO: (1) COMPEL DEBTORS PRODUCTION OF DOCUMENTS; (2) COMPEL ANGEL AND CASAS PRODUCTION OF DOCUMENTS AND 2004 EXAMINATION AS ORDERED; (3) FINDING CIVIL CONTEMPT; (4) AWARDING FEES AND COSTS**

**Local Rule 7026-1(d) Certification**

1.  Movant has in good faith attempted to confer with (i) Debtors counsel, (ii) Ms. Casas,(iii) Mrs. Angel; to resolve the issue without Court action through specific actions:

    i.  Emailing Mr. Caplan on November 6, 2024, reminding him of the production of documents that are expected by November 13, 2024, in which a reply was received indicating that the Order says, "Casas and Angel must produce...". I assured him that in his absence at the hearing, it was made clear that it is intended for the Debtor to produce, and that surely the Judge does not expect either Ms. Casas or Mrs. Angel to produce the debtors' tax returns; to which he agreed. I mentioned that the same goes for the bank statements, in which I received no reply. After receiving no account statements on November 13, 2024 my final two attempts were by phone call on November 15,2024 which went to voicemail, and a follow up email sent shortly after.

    ii. Upon receiving Ms. Casas documents on the 13th and reviewing, I replied to her email at 12:17 am on November 14th reminding her to produce all account statements and title of the truck; with no response. On the morning of November 15, 2024 I called her number, to no answer; and sent a follow up email and have not gotten a response.

    iii.   On October 23, October 25, October 29, November 6; I emailed Mrs. Angel attempting to schedule the 2004 examination. On November 11 I sent a reminder email to produce the documents and schedule the exam. After a review of the documents received, my final two attempts were a phone call on the morning on November 15 and a follow up email.

## BACKGROUND

2. On July 2, 2024, Alejandro Valencia ("Debtor") filed a voluntary petition for relief in chapter 13 of the United States Bankruptcy Code.

3. On August 14, 2024 a *Notice of subpoena for rule 2004 examination – Johanna carcela Casas* (Doc 24) and *Notice of subpoena for rule 2004 examination – Maria E Angel* (Doc 25) was filed.

4. The check served to Ms. Casas and Mrs. Angel to attend the 2004 examination was deposited.

5. On September 11, 2024, a *Formal objection to subpoena for rule 2004 examination* (Doc 34) and a *Formal objection to subpoena for rule 2004 examination* (Doc 35) was filed by Ms. Casas and Mrs. Angel.

6. The hearing was scheduled for October 23, 2024 which resulted in *Order granting in part motion to compel and sustaining in part objection to subpoenas for rule 2004 examinations* (Doc 61).

7. Parties at the hearing were the Debtor, Ms. Casas, Mrs. Angel, and myself.

## 1.  COMPEL DEBTORS' PRODUCTION OF DOCUMENTS

8. FRCP Rule 37(b)(2)(A), made applicable to this matter by FRBP Rule 7037 and 9014 states in relevant part:

> *(A)  For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders...*

9. During the October 23, 2024 hearing it was communicated that the production of documents were to be produced from the Debtor, Ms. Casas, and Mrs. Angel, and said as such in the Pro Memo (Doc 60).

10. Mr. Caplan was not present at the hearing and relied on the written Order (Doc 61); understanding it to mean that Ms. Casas and Mrs. Angel were to produce the documents requested.

11. When asked if it was reasonable to assume Ms. Casas or Mrs. Angel had access to the Debtors tax returns; he agreed to produce them.

12. When asked about the same reasonableness for all the account statements the Debtor has any interest; no response was given.

13. Because Mr. Caplan was absent from the October 23, 2024 hearing and interpretation of the Order, no account statements were produced.

## 2. COMPEL ANGEL AND CASAS PRODUCTION OF DOCUMENTS AND 2004 EXAMINATION AS ORDERED

14. FRCP Rule 45(d)(2)(B)(i), made applicable to this matter by FRBP 2004(c) states:

    *(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.*

15. Ms. Casas has failed to produce all account statements that she has an interest in and has not produced the title to the truck as stated in the Order.

16. Mrs. Angel has been unresponsive to my many emails, text messages, and phone calls during the period of the October 23, 2024 hearing and November 15, 2024.

17. Mrs. Angel, through the Debtor and his counsel has produced a single account statements records, and tax returns.

18. It is known that Mrs. Angel has other accounts she has an interest in, that have not been produced, and has been unresponsive to effectively schedule a 2004 examination.

## 3. CIVIL CONTEMPT

19. Pursuant to FRCP 37(b)(2), made applicable herein by virtue of Bankruptcy Rules 7037(b) and 9014, the Court may, at is discretion, can grant a wide range of sanctions against a party for disobedience of a discovery order. These sanctions include, without limitation, the issuance of a contempt order. See Fed. R. Civ. P. 37(b)(2)(A)(vii). Moreover, courts enjoy broad discretion in exercising their inherent power to manage their cases and courtrooms effectively and to ensure obedience to judicial orders. See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001).

20. The facts clearly demonstrate that a contempt order is warranted in order to coerce compliance, and deter future misconduct of the Debtor, Ms. Casas, and Mrs. Angel in furtherance of the Bankruptcy Court's inherent authority and interest in the efficient administration of justice. Although monetary sanctions are principally remedial in nature, contempt sanctions carry coercive power. Indeed, the United States Supreme Court characterized this distinction in Cunningham v. Hamilton County¸ as follows:

> Civil contempt is designed to force the contemnor to comply with an order of the court. In contrast, a Rule 37(a) sanctions order lacks any prospective effect and is not designed to compel compliance. See Cunningham v. Hamilton County, 527 U.S. 198, 207 (1999)

21. Moreover, where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper. See Richmark Corp. v. Timber Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992). Civil contempt is designed to accomplish the dual purpose of providing compensation to the prejudiced party for injuries resulting from the contemnor's noncompliance, while at the same time coercing future disobedience. See Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir. 1983) (discussing the dual compensatory and coercive nature of civil contempt). It is well established that even conduct occurring out of court may constitute contempt of a court's authority. See International Union v. Bagwell, 512 U.S. 821, 833 (1994) ("Contempts such as failure to comply with document discovery, for example, while occurring outside the court's presence, impede the court's ability to adjudicate the proceedings before it and thus touch upon the core justification for the contempt power").

22. To impose sanctions against a nondebtor party, the bankruptcy court must first issue an order compelling compliance with the subpoena or order for Rule 2004 examination and the non-debtor party must then fail to comply with the order. See Stipp v. CML-NV One, LLC (In re Plise), 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014).

23. In addition, Section 105(a) of the Bankruptcy Code vests bankruptcy courts with broad authority "to take any action that is necessary or appropriate 'to prevent an abuse of process'". Marrama v. Citizens

Bank of Mass., 549 U.S. 365, 375 (2007). Section 105(a) confers authority "to carry out the provisions of the Code" and to "make any determination necessary or appropriate to enforce or implement court orders or rules".

24. The Debtor, his counsel, Ms. Casas, and Mrs. Angel's bad faith in producing documents, in blatant disregard of the Courts Order is an offense to this Court.

> *Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism. See GK-Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647 (9th Cir. 1978).*

### (4)  AWARDING FEES AND COSTS

25. FRCP Rule 37(a)(5)(A) states:

> *If the motion is granted – or if the disclosure or discovery is provided after the motion was filed, the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But court must not order this payment if:*
> - *(i)      The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;*
> - *(ii)     The opposing party's nondisclosure, response, or objection was substantially justified; or*
> - *(iii)    Other circumstances make an award of expenses unjust.*

26. See Fed. Rule Civ. P. 37(a)(5)(A); see also, Bank of America, N.A. v. Linde (In re Linde), 2010 WL 3703278, at *8 (Sept. 9, 2010 Bankr. D. Idaho) ("Rule 37(a)(5)(A) makes an award of fees and costs mandatory whenever a compulsion motion is granted unless one of the exceptions to that rule is found to apply").

27. Under no circumstances will the Debtor, his counsel, Ms. Casas, or Mrs. Angel be able to meet their burden in establishing that one of the above-referenced exceptions apply under FRCP Rule 37(a)(5)(A) because none exists.

28. Thus, Movant respectfully request that the Court additionally award fees and costs associated with this Motion and for matters attendant to such Motion.

**<u>CONCLUSION</u>**

29. The Debtor, his counsel, Ms. Casas, and Mrs. Angel are blatantly attempting to stonewall, delay, and

evade discovery of the Courts Order, warranting the entry of an Order:

(i)     Compelling the Debtor to produce documents pursuant to Rule 37(b)(2)(A) of the FRCP,

made applicable by Rules 7037 and 9014 of the FRBP;

(ii)    Compelling Ms. Casas and Mrs. Angel to attend a 2004 examination, with the advisement of

availability within a week of a granted Order, and production of documents starting from

February 2021, which reflects the date transfers were made resulting in debt incurred by

Movant.

(iii)   Awarding reasonable fees and costs incurred under FRCP 37(a)(5)(A) made applicable by

FRBP Rules 7037 and 9014, including but not limited to, the return of 2004 examination fee

deposited by Ms. Casas and Mrs. Angel, milage to attend hearing regarding this matter, cost

in time associated with attending, and PACER fees;

(iv)    Granting such other and further relief as is just and proper.

Dated: November 19th, 2024

By:_____*/s/ Adam Bouters*_____

Adam Bouters

809 Tuscanny St, Brandon, FL, 33511

(407) 409-1898 (telephone)

a.bouters@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed through the

CM/ECF system and notice was served was served electronically or via First Class U.S. Mail on November

19th, 2024.


By:_____*/s/ Adam Bouters*_____

Adam Bouters

809 Tuscanny St, Brandon, FL, 33511

CREDITOR

**Via first class United States Mail, to:**

Alejandro Valencia
5311 Brydon Woods Circle
Saint Cloud, FL, 34771-8051

Maria Angel
3702 Needles Dr
Orlando, FL, 32810

Johanna Casas
5311 Brydon Woods Circle
Saint Cloud, FL, 34771-8051


**Electronically to:**

United States Trustee – ORL7/13 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL, 32801-2210

Laurie K Weatherford
Post Office Box 3450
Winter Park, FL, 32790-3450

Stephen R Caplan
Caplan & Associates PA
31 N Hyer Avenue
Orlando, FL, 32801